**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| SAM O'NEAL, et al., )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>WACKENHUT SERVICES, INC., et al., )<br>    Defendants. ) | No. 3:03-CV-397<br>(Phillips/Shirley) |

## ORDER

This matter came before the court for a final pretrial conference on July 21, 2008, and the following action was taken:

1. Wackenhut moved the court to exclude evidence that Deborah Neeley resigned work after she was hired by Wackenhut [Doc. 267]. The parties reached an agreement on this issue and defendant's motion to withdraw the motion is **GRANTED.**

2. Wackenhut moved to exclude evidence to show that Caucasians have a stereotyped perception that African-Americans are "violent and prone to aggression" [Doc. 268]. The court finds that this is a proper area for cross-examination of defendant's witnesses, but it will be excluded from the plaintiff's opening statement. The court reserves ruling whether this is a proper matter for closing arguments until the court has heard the evidence introduced at trial. Accordingly, the motion is **GRANTED IN PART AND DENIED IN PART** as set out above.

3. Wackenhut moved to exclude plaintiff's argument that race was a motivating factor in the decision not to hire him (*i.e.,* a mixed-motive case) [Doc. 269]. Rule 15(b) of the Federal Rules of Civil Procedure states that a court "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." The rule also provides that the court may grant a continuance to enable the objecting party to meet the evidence. The defendant failed to convince the court that it would suffer prejudice by presentation of a mixed-motive theory at trial. Further, defendant declined a continuance of the trial to prepare to defend a mixed-motive claim. Accordingly, the court will **DENY** the defendant's motion at this time. Following the presentation of evidence, defendant may renew the motion prior to submission of the case to the jury.

4. Wackenhut moved to exclude evidence regarding the composition of Wackenhut's work force after 2001 [Doc. 271]. The parties reached an agreement on this issue and defendant's motion to withdraw the motion is **GRANTED.**

5. Wackenhut moved to exclude evidence concerning whether its interview hiring procedures have been "validated" [Doc. 272]. The parties reached an agreement on this issue and defendant's motion to withdraw the motion is **GRANTED.**

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge