UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SAMUEL O'NEAL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-CV-397 |
| ) | (PHILLIPS/SHIRLEY) |
| WACKENHUT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 252] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the defendant's Objections to Plaintiffs' Exhibit List and Deposition Designations [Doc. 249] and the plaintiffs' Objections to Defendant's Exhibit List and Deposition Designations. [Doc. 250] On July 14, 2008, the parties advised the Court that they had reached agreement as to a number of the objections at issue. [Doc. 273] On July 16, 2008, the Court conducted hearing on the remaining objections. Attorney Keir Bickerstaffe appeared on behalf of the plaintiffs and attorneys John Winters and Edward Phillips appeared on behalf of the defendant. At the hearing, the parties advised the Court that they had reached agreement as to the remainder of the defendant's objections and the majority of the plaintiffs' objections. The parties stated that the only remaining objections were to the following items: Defendant's Exhibits 6, 7, 55, 71, 85, and 100; Defendant's Supplemental Exhibits 2 and 7; and to the designation of pages 69 through 73 of the deposition transcript of Samuel O'Neal. The Court addresses each of the remaining objections below.

**I.     Defendant's Exhibits 6 and 7**

The plaintiffs object to the introduction of Defendant's Exhibits 6 and 7 on the basis of Rules 401, 402, and 403 of the Federal Rules of Evidence. Exhibit 6 is a letter dated April 9, 2003, from the United States Equal Employment Opportunity Commission ("EEOC") to Lori Kisch, counsel for the plaintiffs, advising counsel that the agency had determined that the defendant's decision not to hire plaintiff O'Neal was not based upon race. Exhibit 7 is a form letter, dated April 30, 2003, from the EEOC to plaintiff O'Neal, advising Mr. O'Neal of the dismissal of his EEOC claim and of his right to file suit in federal court. The plaintiffs contend that Exhibits 6 and 7 are overly prejudicial and that their introduction would confuse the jury. The defendants disagree, arguing that the exhibits are relevant and admissible.

In addressing this issue, the Sixth Circuit has held that an EEOC cause determination "in the sound discretion of the trial court, may be admitted into evidence." Weems v. Ball Metal and Chem. Div., 753 F.2d 527, 528 n.1 (6th Cir. 1985). The Sixth Circuit has further held that "an EEOC cause determination carries an evidentiary value of practically zero." EEOC v. Ford Motor Co., No. 95-3019, 1996 U.S. App. LEXIS 26263, at *26 (6th Cir. Sept. 30, 1996). In addition, this Court has recently held in a similar case that

> "EEOC determinations are not homogeneous products; they vary greatly in quality and factual detail." Johnson v. Yellow Fright Sys. Inc., 734 F.2d 1304, 1309 (8th Cir. 1984). Because of that, there is a "danger of unfair prejudice" and the possibility that "the time spent . . . in exposing the weakness of the EEOC report would add unduly to the length of the trial." Id. Because of such concerns, a district court may categorically refuse to admit EEOC cause determinations at trial. EEOC v. Ford Motor Co.,1996 U.S. App. LEXIS 26263, at *35.

Wright v. Columbia Sussex Corp., No. 3:06cv190, 2008 U.S. Dist. LEXIS 28096, at *2-3 (E.D.

Tenn. Apr. 7, 2008). This Court went on to find that the what little probative value the EEOC determination at issue held was outweighed by the risk of unfair prejudice, holding that "[a] jury could attach undue weight to the 'No Cause Finding' and view it as a suggestion there was no retaliation, as opposed to merely finding that the agency found no probable cause." Id. at *3 (citing Williams v. Nashville Network, 132 F.3d 1123, 1129 (6th Cir. 1997)).

In the instant case, the Court also finds that the EEOC determination holds little, if any, probative value, and that any probative value it might possess is outweighed by a great risk of unfair prejudice. Accordingly, the plaintiffs' objections to Defendant's Exhibits 6 and 7 are **SUSTAINED**, and Defendant's Exhibits 6 and 7 shall be excluded from evidence.

## II. Defendant's Exhibits 55 and 100

The plaintiffs object to Defendant's Exhibits 55 and 100 on the basis of Rules 401, 402, 403, 802, 803, 804, and 805 of the Federal Rules of Evidence. Exhibit 100 is a letter dated February 18, 2002, from the defendant to a Mr. Doell, extending an offer of employment to Mr. Doell as a Security Police Office. Exhibit 55 is a letter dated March 4, 2002, from the defendant to a Mr. Doell rescinding the February 18, 2002, offer of employment. The plaintiffs contend that the two exhibits are irrelevant and hearsay. The defendant disagrees, arguing that the exhibits are relevant to show that the withdrawal of Mr. O'Neal's offer of employment was not unique or otherwise evidence of racial animus, and that the defendant had rescinded offers of employment to white applicants based on unprofessional behavior.

With respect to the relevance objections, the Court finds that Exhibits 55 and 100 are not relevant at this time. However, should the plaintiffs argue or put on evidence at trial that the withdrawal of Mr. O'Neals offer of employment was discriminatory and/or disparate treatment

3

premised on Mr. O'Neal's race, and was not based on alleged misconduct or unprofessional behavior, then the Court finds that Exhibits 55 and 100 would be relevant as to the defendant's defenses and evidence to rebut such allegations of discrimination. Accordingly, the plaintiffs' relevance objections to Defendant's Exhibit 55 and 100 are **SUSTAINED** at this time only, with the potential for admission being reserved for trial.

With respect to the objections on the basis of hearsay, the plaintiffs' objections are **OVERRULED**. Should the defendant fail to lay the proper groundwork for the admission of the exhibits at trial, the plaintiffs may renew their hearsay objections at that time.

### III. Defendant's Exhibit 71

The plaintiffs object to Defendant's Exhibit 71 on the basis of Rules 401, 402, 403, 802, 803, 804, 805, 901, and 902 of the Federal Rules of Evidence. Exhibit 71 is submitted pursuant to the Protective Order [Doc. 14] in this matter, so the Court will not disclose the contents of the document, but instead will merely state that the document describes the interview practices and procedures approved by the defendant. The plaintiffs contend that the document is irrelevant, because the interview process itself is not at issue in this matter, but rather that the hiring manager allegedly ignored the results of the interview process. The plaintiffs further contend that this evidence is hearsay, that the defendant has not established that the exhibit falls within an exception to the hearsay rules, and that the exhibit has not been properly authenticated. The defendant disagrees, arguing that the exhibit is relevant, admissible, and that the proper groundwork for the admission of the document will be established at trial.

With respect to the plaintiffs' objection on the basis of relevance, the Court finds that Exhibit 71 is relevant with respect to the defendant's alleged evidence of non-discrimination and efforts at

training its managers and supervisors in non-discriminatory hiring practices. Additionally, the Court finds that the plaintiffs have not shown that the probative value of Exhibit 71 is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or any of the other grounds for exclusion under Fed. R. Evid. 403. Accordingly, the plaintiffs' relevance objection to Exhibit 71 is **OVERRULED**.

With respect to the objections on the basis of hearsay and authentication, the plaintiffs' objections are **OVERRULED**. Should the defendant fail to lay the proper groundwork for the admission of the exhibit at trial, the plaintiffs may renew their hearsay and authentication objections at that time.

## IV. Defendant's Exhibit 85

The plaintiffs object to Defendant's Exhibit 85 on the basis of Rules 802, 803, 804, and 805 of the Federal Rules of Evidence. The plaintiffs' filing also included an objection on the basis of relevance, but the plaintiffs withdrew the relevance objection as to this exhibit during the hearing. Exhibit 85, which is also subject to the Protective Order in this matter, is a letter dated September 12, 1990, from a third party (not a party to this litigation) with information about plaintiff O'Neal. The plaintiffs contend that this evidence is clearly hearsay and that the defendant has not established that the exhibit falls within an exception to the hearsay rules. The defendant disagrees, arguing that the exhibit is not being offered for the truth of the matter asserted, but rather only to impeach the prior testimony of Mr. O'Neal that is contrary to the information in the letter, and thus falls outside the hearsay rules.

The Sixth Circuit addressed a similar evidentiary issue in the case of Crane v. Sparkman, No. 97-5321, 1998 U.S. App. LEXIS 21380, at *10-12 (6th Cir. Aug. 27, 1998). In Crane, a

5

criminal case, the Sixth Circuit performed a hearsay analysis to determine whether the Confrontation Clause was implicated by the trial court's evidentiary ruling. Id. In analyzing the hearsay issue, the Sixth Circuit explained that the case of Tennessee v. Street, 471 U.S. 409 (1985), was inapposite to the case before it, holding that:

> The reason the out-of-court statement in Street was not hearsay and the out-of-court statement in this case is hearsay stems from the difference in how the out-of-court statements were used to rebut the defendants' efforts to undermine their confessions. To rebut Street's argument that his confession was a coerced imitation of the accomplice's confession, the court allowed the alleged accomplice's statement to be read to the jury. Id. at 412. It was admitted solely for the purpose of highlighting differences in the narration of events between the accomplice's statement and Street's confession. Before the accomplice's statement was read, the court instructed the jury that the statement was being admitted "not for the purpose of proving the truthfulness of his statement, but for the purpose of rebuttal only." Id. The accomplice's statement rebutted Street's coerced imitation defense **whether or not it was accepted as true** because its narration of the crime differed from Street's in some material respects. These significant discrepancies, **true or not**, belied Street's claim that he was forced to duplicate the accomplice's confession.
>
> Since the accomplice's statement in Street was admitted for a purpose other than establishing the truth of the matters asserted therein, it was not hearsay and its admission did not implicate the Confrontation Clause. In the present case, however, Powell's statement is hearsay. It was admitted to establish the truth of Powell's assertions that Crane in fact had participated in crimes to which he had confessed. Accordingly, Street is inapplicable to this case. Since Powell's statement is hearsay, it implicates the Confrontation Clause.

Crane, 1998 U.S. App. LEXIS 21380, at *11-12 (emphasis added).

The Court recognizes that the Confrontation Clause does not apply to the instant civil action, but the hearsay analysis remains the same. In the instant case, the defendant seeks to use out of court statements contained in Exhibit 85 to impeach Mr. O'Neal. However, as with the Powell statement in Crane, Exhibit 85 will only impeach Mr. O'Neal if the statements in the exhibit are

6

accepted as true. Only if the trier of fact believes the statements in Exhibit 85, and not Mr. O'Neal's testimony on the same subject, is there any impeachment. If the trier of fact were to disbelieve the contents of Exhibit 85, the exhibit would have no impeachment value what so ever. Accordingly, the Court finds that Exhibit 85 does constitute hearsay, and the plaintiffs' objection to Exhibit 85 is **SUSTAINED**. In so ruling, the Court recognizes that the defendant may be able to lay the necessary groundwork at trial for the admission of the Exhibit under one or more of the exceptions to the hearsay rule. However, that issue is not before this Court, and so must be left to the trial court's determination.

## V.     Defendant's Supplemental Exhibits 2 and 7

The plaintiffs object to Defendant's Supplemental Exhibits 2 and 7 on the basis of Rules 401, 402, and 403 of the Federal Rules of Evidence. In addition, the plaintiffs further object to Defendant's Supplemental Exhibit 7 on the basis of basis of Rules 802, 803, 804, and 805 of the Federal Rules of Evidence. Defendant's Supplemental Exhibit 2 is a letter from the defendant to a Mr. Gibb, offering Mr. Gibb employment as a Security Police Officer. Defendant's Supplemental Exhibit 7 is a letter of recommendation submitted to the defendant on the behalf of a Mr. Gibb. The plaintiffs argue that these two exhibits are not relevant because the plaintiffs now agree that Mr. Gibb's qualifications are equal to or superior than the qualifications of Mr. O'Neal, and thus the hiring of Mr. Gibb is not at issue in this case. The defendant disagrees, arguing that because the plaintiffs raised this issue before the EEOC, that the defendant should be able to raise it now to show how the plaintiff has changed his position and the frivolous nature of the plaintiff's prior contention. The plaintiffs contend that the information about Mr. Gibb was not known at the time of the EEOC filing.

In light of the plaintiffs' position and concession/stipulation that Mr. Gibb's qualifications are equal to or greater than those of Mr. O'Neal and will not be raised at trial, and the corresponding absence of any allegation that the hiring of Mr. Gibb evidences defendant's discriminatory conduct, the Court finds that Defendant's Supplemental Exhibits 2 and 7 are not relevant to the instant litigation, because they do not make the existence of a fact of consequence to the determination of the action more or less probable. Fed. R. Evid. 401. The Court further finds that any probative value the exhibits might have are substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. Accordingly, the plaintiffs' objections as to Defendant's Supplemental Exhibits 2 and 7 are **SUSTAINED**, and Defendant's Supplemental Exhibits 2 and 7 will be excluded from evidence at trial.

## VI. Defendant's Designation of O'Neal Deposition pp. 69-73

Finally, the plaintiffs object to the defendant's designation of pages 69 through 73 of the deposition transcript of Mr. O'Neal on the basis of Rules 401, 402, and 403 of the Federal Rules of Evidence. In the deposition excerpt at issue, Mr. O'Neal describes a "polite" telephone conversation with Ms. Bright in which Mr. O'Neal inquired as to the status of his application. Additionally, in the excerpt, Mr. O'Neal denies returning to the defendant's offices three to four weeks after the interview to speak with Ms. Bright in person. The plaintiffs contend that the events described in this designation are irrelevant, since they occurred after the adverse employment decision as to Mr. O'Neal had been made. The defendant disagrees, admitting that the incidents occurred after the exclusion decision was made, but arguing they also occurred within the period during which Mr. O'Neal's application remained active for consideration, and thus the incidents were relevant. The defendant also argues that an incident involving Mr. O'Neal did occur in the defendant's lobby, and

8

further argues that the telephone conversation between Mr. O'Neal and Ms. Bright was not a "polite" conversation, but rather a heated one, and thus argues that the transcript designation goes towards Mr. O'Neal's credibility.

The Court finds that the statements of Mr. O'Neal constitute admissions by a party opponent and the evidence at issue is relevant. Accordingly, the plaintiffs' objection to the defendant's designation of pages 69 through 73 of Mr. O'Neal's deposition transcript is **OVERRULED**.

## VII. Resolved Objections

As the Court noted above, during the hearing, the parties advised the Court that they had reached agreement as to all of the defendant's objections [Doc. 249], and as to all of the plaintiffs' objections [Doc. 250] except for those addressed above. In light of the parties agreement as to those objections, all of the defendant's objections [Doc. 249], and all of the plaintiffs' objections [Doc. 250] not addressed above are **OVERRULED as moot**.

## VIII. Summary

In summary, for the reasons set forth more fully above,

1. The defendant's objections [Doc. 249] are **OVERRULED as moot**;

2. The plaintiffs' objections [Doc. 250] to Defendant's Exhibits 6 and 7 are **SUSTAINED**;

3. The plaintiffs' relevance objections to Defendant's Exhibit 55 and 100 are **SUSTAINED** at this time, subject to potentially being admissible, and the plaintiffs' hearsay objections are **OVERRULED**;

4. The plaintiffs' relevance and hearsay objections to Exhibit 71 are **OVERRULED**;

5. The plaintiffs' hearsay objection to Exhibit 85 is **SUSTAINED**;

9

6. The plaintiffs' objections to Supplemental Exhibits 2 and 7 are **SUSTAINED**;

7. The plaintiffs' objection to the defendant's designation of pages 69 through 73 of Mr. O'Neal's deposition transcript is **OVERRULED**; and

8. The remainder of the plaintiffs' objections are **OVERRULED as moot**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge